**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5297

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARQUETTE HOEY,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville. Robert J. Conrad, Jr.,
Chief District Judge. (3:06-cr-00086))

Submitted: September 17, 2007     Decided: October 12, 2007

Before WILKINSON and MOTZ, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Peter Adolf, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC.,
Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert,
United States Attorney, Jonathan A. Vogel, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On the evening of February 2, 2006, Officers Robert Childs and Jerome Whitlow of the Charlotte-Mecklenburg Police Department were on patrol driving through the Sailboat Bay Apartments area. Officer Childs knew the apartment complex was a high robbery and drug crime area. In December of 2005, Childs had arrested two people at the apartment complex for possession of cocaine. Also, Childs was aware that on January 6, 2006, an armed robbery had occurred at the complex and that another armed robbery had occurred in November or December of 2005. The robbery suspect had been described as approximately 5'8" tall and wore a camouflaged jacket with a hood.

As Childs and Whitlow patrolled they noticed Marquette Hoey. Hoey stands approximately 5'5" and was wearing a black, "flight type jacket" with a hood. Hoey was walking approximately 100 feet from the building where the January armed robbery had occurred. As the officers' patrol car approached Hoey, Hoey noticed the officers and immediately cut to his right away from the officers into a dark alley.

Based on Hoey's evasive conduct, the officers drove around to where Hoey exited the dark alleyway. Whitlow exited the patrol car and asked to speak to Hoey. In response to the officers' request to speak to him, Hoey became visibly agitated, began waiving his arms around, and accused the officers of

- 2 -

harassing him on several occasions. Hoey also assumed a stance that partially concealed the right side of his body, and repeatedly touched his right pocket, indicating that he might be hiding something.

Childs asked Hoey whether he lived in the apartment complex and for some identification. Although Hoey stated that he lived in the complex, the address listed on the identification he provided to Childs was not within the apartment complex.

Childs then asked his dispatcher to check whether there were outstanding warrants for Hoey. The dispatcher informed Childs that Hoey was entered in the NCIC database as a "dangerous gang member" affiliated with the Bloods.

Childs then re-approached Hoey and informed him that the officers were going to pat him down for their safety. As Whitlow patted Hoey down, Childs asked Hoey whether he was a member of a gang. Hoey stated that he was a member of the Bloods gang. During the search, Whitlow found a .357 caliber handgun in Hoey's right front pocket. Hoey was arrested and, ultimately, indicted for possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2000).

In the court below, Hoey filed a motion to suppress, arguing that the officers lacked reasonable articulable suspicion of criminal activity prior to seizing him. The district court denied Hoey's motion, and Hoey entered a conditional guilty plea,

reserving his right to appeal the district court's decision. Hoey timely noted his appeal. On appeal, Hoey argues that the district court erred in concluding that the officers had reasonable suspicion of criminal activity at the time they seized him and in enhancing his sentence based on facts not found beyond a reasonable doubt by a jury. We affirm the judgment of the district court.

The Supreme Court has held that, consistent with the Fourth Amendment, police officers may conduct brief investigatory stops of individuals if officers have reasonable suspicion that criminal activity may be afoot. Terry v. Ohio, 392 U.S. 1 (1968); see Illinois v. Wardlow, 528 U.S. 119, 123 (2000). Such an investigatory stop must be based on "at least a minimal level of objective justification" but the standard for reasonable suspicion is less demanding than for probable cause. Wardlow, 528 U.S. at 123.

In assessing whether officers had a reasonable suspicion of criminal activity, this court must consider the totality of the circumstances surrounding the seizure. United States v. Sprinkle, 106 F.3d 613, 618 (4th Cir. 1997) (quoting United States v. Sokolow, 490 U.S. 1 (1989) (internal quotations omitted)). "Reasonable suspicion is a commonsensical proposition. Courts are not remiss in crediting the practical experience of officers who observe on a daily basis what transpires on the streets." United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993).

To establish reasonable articulable suspicion, an officer must be able to articulate something more than an inchoate and unparticularized suspicion or hunch. Sokolow, 490 U.S. at 7 (quoting Terry, 392 U.S. at 27) (internal quotations omitted)). However, reasonable articulable suspicion may be established by a series of acts, each of them perhaps innocent when viewed separately, but when viewed in the aggregate by a trained police officer warrant further investigation. See id. at 9-10 (quoting Terry, 392 U.S. at 22).

Assuming Hoey was seized within the meaning of the Fourth Amendment when first accosted by the officers, the officers had, at that moment, reasonable articulable suspicion sufficient to seize Hoey. Officer Childs knew that the Sailboat Bay Apartments was a high crime area. Moreover, Childs and Whitlow first observed Hoey walking within 100 feet of the site of a recent armed robbery at the Sailboat Bay Apartments. Also, when Hoey observed the officers, he immediately "cut to his right" to head down a dark alley. Hoey's evasive response to seeing the officers added to the officers' reasonable articulable suspicion that Hoey might be involved in criminal activity. See Wardlow, 528 U.S. at 124. All of these facts, viewed in the totality of the circumstances, created reasonable articulable suspicion of criminal activity sufficient to seize Hoey.

Hoey also avers the district court erred in enhancing his sentence based on facts not found beyond a reasonable doubt by a jury. Hoey failed to raise his alleged error in the court below. Accordingly, his claim is subject to plain error review. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). To establish plain error, Hoey must show that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Id. Even if Hoey makes this showing, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting United States v. Young, 470 U.S. 1, 15 (1985) (internal quotations omitted)). Hoey fails to establish error under Olano.

This court has stated that after United States v. Booker, 543 U.S. 220 (2005), a sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006). Moreover, long-standing authority has permitted a sentencing court to consider any evidence at sentencing that "has sufficient indicia of reliability," see USSG § 6A1.3(a), including "conduct underlying [an] acquitted charge, so long as that conduct has been proved by

a preponderance of the evidence." <u>United States v. Watts</u>, 519 U.S. 148, 156-57 (1997) (per curiam); <u>United States v. Montgomery</u>, 262 F.3d 233, 249 (4th Cir. 2001). Accordingly, the district court did not err in enhancing Hoey's sentence pursuant to USSG §§ 2K2.1(b)(4); 4A1.1(d); 4A1.1(e) based on facts found by the court by a preponderance of the evidence, and we therefore affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>